# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Departments of the Army and Air Force (collectively the "United States"); defendants L-3 Communications Corporation; Vertex Aerospace LLC, a/k/a L-3 Communications Aerospace LLC, a/k/a/ L-3 Vertex Aerospace LLC; and L-3 Communications Integrated Systems, LP (collectively "Defendants"); and relator Robert A. Martin ("Martin" or "Relator"), through their authorized representatives. The United States, Defendants and Martin are hereafter collectively referred to as the "Parties."

## RECITALS

A. The United States Air Force awarded Task Order Number FA4601-97-D-0425-0365 to L-3 Communications Vertex Aerospace LLC, and a follow-on contract, Task Order Number FA8108-09-D-0005-0003 (collectively the "Contracts"), to L-3 Communications Aerospace LLC. The Contracts were for rotary aviation maintenance and support services in Southwest Asia, specifically in Afghanistan, Iraq, Egypt and Kuwait.

B. L-3 Communications Corporation, headquartered in New York, New York, is a defense contractor that provides intelligence, surveillance and reconnaissance services, secure communications services, and aircraft modernization and maintenance services. L-3 Communications Integrated Systems, headquartered in Rockwall, Texas, provides mission system design and integration specializing in intelligence, surveillance, and reconnaissance.

C. Vertex Aerospace LLC ("Vertex") is based in Madison, Mississippi. Vertex provides various services primarily to the United States government, including, but not limited

to, avionic depot operations, aircraft maintenance, repair and overhaul, supply chain management, and pilot services.

D. On May 26, 2010, relator Robert A. Martin filed a *qui tam* action in the United States District Court for the Northern District of Georgia against Defendants, styled *United States ex rel. Robert A. Martin v. L-3 Communications Corporation, Vertex Aerospace LLC, a/k/a L-3 Communications Aerospace LLC, a/k/a/ L-3 Vertex Aerospace LLC, and L-3 Communications Integrated Systems, LP*, 1:10-cv-1622, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action").

E. The United States contends that it has certain civil claims against Defendants arising from Defendants' invoices to the United States under the Contracts, for the period from January 1, 2006, through November 9, 2011 (the "relevant period"). Specifically, the United States contends that in the relevant period Defendants invoiced the United States for labor hours for independent contractors to process through the CONUS Replacement Center ("CRC") at Fort Bliss, Texas, and the CRC at Fort Benning, Georgia, by billing for each individual based on the earliest arrival and latest departure times of individuals processing through the CRCs, rather than the actual hours spent by each individual. The conduct described in this paragraph is referred to below as the "Covered Conduct."

F. This Settlement Agreement is neither an admission of liability by Defendants nor a concession by the United States that its claims are not well founded. The Defendants expressly deny the allegations of the United States set forth herein and in the Civil Action.

G. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

H. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. No later than 10 days after the Effective Date of this Agreement:

a. Defendants shall pay to the United States four million six hundred thirty thousand dollars ($4,630,000.00) ("Settlement Amount"), plus interest on the Settlement Amount at an annual rate of 1.875% from June 5, 2015, through and including the date of payment, by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney for the Northern District of Georgia.

b. Defendant further agrees to pay to Relator and Relator's counsel, The Wallace Law Firm L.L.C., attorney's fees, expenses, and costs, in the amount of $186,400.56, by electronic funds transfer pursuant to written instructions to be provided by counsel for Relator to Defendant.

2. Conditioned upon the United States receiving the Settlement Amount from Defendants and as soon as feasible after receipt, the United States shall pay $798,675, plus applicable interest on that amount received by the United States from Defendant pursuant to paragraph 1.a, to Relator by electronic funds transfer.

3. Subject to the exceptions in Paragraph 5 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Settlement Amount and applicable interest, the United States releases Defendants from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the Contract Disputes Act, 41

U.S.C. §§ 7101-7109; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

4. Subject to the exceptions in Paragraph 5 below, and conditioned upon Defendants' full payment of the amounts set forth in Paragraph 1 above, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, agrees fully and finally to release Defendants, and each of them, from any claims that Relator has asserted, could have asserted, or may assert in the future against Defendants, that are related to the Covered Conduct, the Civil Action and the allegations in the Civil Action, and/or Defendant's investigation and defense thereof.

5. Notwithstanding the releases given in Paragraph 3 and 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in the Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services; and,

g. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

6. Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in Paragraph 2, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

7. Defendants waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and

servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

9. Defendants fully and finally releases the Relator and his heirs, successors, attorneys, agents, and assigns, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the Relator, that are related to the Covered Conduct, the Civil Action and the allegations in the Civil Action, and/or the Relator's investigation and prosecution thereof.

10. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of DefendantsL-3, and its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4) the negotiation and performance of this Agreement;

(5) the payment Defendants make to the United States pursuant to this Agreement and any payments that Defendants may make to Relator, including costs and attorneys fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Defendants, and they shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Defendants shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Defendants or any of its subsidiaries or affiliates from the United States. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendants' books and records and to disagree with any calculations submitted by Defendants or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendants, or the effect of any such Unallowable Costs on the amount of such payments.

11. This Agreement is intended to be for the benefit of the Parties only.

12. Upon receipt of the payments described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). The Joint Stipulation shall be with prejudice to all claims of Relator in the Civil Action, with prejudice as to the claims of the United States in the Civil Action for the Covered Conduct, and without prejudice to all claims of the United States for conduct other than the Covered Conduct.

13. Other than as stated in paragraph 1.b., each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

15. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Georgia. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

17. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

18. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19. This Agreement is binding on Defendants' successors, transferees, heirs, and assigns.

20. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

21. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

22. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 9/28/2015 BY: K.L. Grace Moseley

K.L. Grace Moseley
Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 9/25/2015 BY: [signature]

Christopher J. Huber
Assistant United States Attorney
Northern District of Georgia

DEFENDANTS

DATED: 09/18/2015 BY: ______________________
Steven M. Post
Senior Vice President, General Counsel
L-3 Communications
On behalf of Defendants

DATED: 9/18/2015 BY: ______________________
W. Jay DeVecchio, Esq.
Jenner & Block LLP
Counsel for the Defendants

RELATOR ROBERT A. MARTIN

DATED: 9/21/15 BY: ______________________
Robert A. Martin

DATED: 9/22/15 BY: ______________________
Lee Wallace, Esq.
The Wallace Law Firm L.L.C.
Counsel for Robert A. Martin